## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **ERIK SALAIZ,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | EP-25-CV-00326-DCG |
| | § | |
| **MEDGUARD ALERT, INC.,** and **JOHN DOE,** | § | |
| | § | |
| *Defendants*. | § | |

### ORDER REQUIRING PLAINTIFF TO TAKE ACTION

Plaintiff Erik Salaiz has filed a document indicating that Defendant MedGuard Alert, Inc., was served with process on August 26, 2025.[1] Assuming that service of process was valid (which the Court doesn't now decide), Defendant's 21-day deadline to answer or otherwise respond to Plaintiff's Complaint expired on September 17, 2025.[2]

September 17th came and went without Defendant answering or otherwise responding to Plaintiff's Complaint. Thus, Plaintiff may now potentially obtain a default against Defendant under Federal Rule of Civil Procedure 55(a).[3] But Plaintiff hasn't yet filed a request, supported by an affidavit or other appropriate proof that Defendant "has failed to plead or otherwise

---

[1] *See* Proof of Service, ECF No. 5.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, not the document's internal pagination.

[2] *See* FED. R. CIV. P. 12(a)(1)(A) (providing (with exceptions that don't apply here) that "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint"); FED. R. CIV. P. 6(a)(1)(C) (providing that where a deadline under the Federal Rules of Civil Procedure would otherwise fall on a federal holiday (here, September 2, 2024, which is Labor Day), the deadline is automatically extended to "the end of the next day that is not a Saturday, Sunday, or legal holiday").

[3] *See* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

defend" himself in this case, that the Clerk of Court enter a default against Defendant.[4]  Nor has Plaintiff taken any other action to push this case toward its ultimate resolution since the September 17th deadline expired.  The Court therefore issues this Order to prevent this case from languishing on the docket.

By **October 15, 2025**, Plaintiff Erik Salaiz **SHALL** either:

(1) File a request, accompanied by an affidavit or other appropriate proof that Defendant MedGuard, Inc., has failed to plead or otherwise defend" itself in this case, that the Clerk of Court enter a default against Defendant under Federal Rule of Civil Procedure 55(a);[5] or

(2) Take some other action to push this case toward its resolution.

If Plaintiff does not, the Court will consider dismissing this case for want of prosecution.[6]

The Clerk of Court **SHALL MAIL** this Order to Defendant at the following address:

MedGuard Alert, Inc.
*c/o* registered agent David Roman
1125 Middle Street
Middletown, CT 06457

**So ORDERED and SIGNED this 1st day of October 2025.**

_____
DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE

---

[4] *See supra* note 3.

[5] *See supra* note 3.

[6] *See* FED. R. CIV. P. 41(b) (authorizing a federal court to "dismiss [an] action" "[i]f the plaintiff fails to prosecute or to comply with . . . a court order").